IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GEORGE A. BELTRAN**, | Case No. 3:17-cv-915 |
| Plaintiff, | **ORDER** |
| v. | |
| **UNITED STATES OF AMERICA, et al.**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff George Beltran is a federal inmate presently incarcerated at the Federal Correctional Institution in La Tuna, Texas and previously incarcerated at the Federal Prison Camp in Sheridan ("FPC Sheridan"), Oregon. On September 11, 2017, Plaintiff filed a first amended complaint bringing a *Bivens* action against the United States, the Federal Bureau of Prisons ("BOP"), and other named individuals (collectively, "Defendants") for their actions during his time at FPC Sheridan. Plaintiff's complaint is not precisely articulated, but the Court construes Plaintiff's complaint as asserting that Defendants violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights by: (1) discriminating against Plaintiff by denying him the ability to complete the Residential Drug Abuse Program ("RDAP") on account of his

race; (2) interfering with Plaintiff's right to access the courts by sending Plaintiff to the solitary housing unit on September 27, 2016; (3) interfering with Plaintiff's right to access the courts by confiscating Plaintiff's legal documents on March 2, 2017; (4) discriminating against Plaintiff by conducting a biased search on January 29, 2017; and (5) denying Plaintiff adequate medical care. On December 11, 2017, Plaintiff filed a motion for default judgment against Defendants, on whom service had been executed but who had not yet appeared. On December 19, 2017, Defendants filed a motion for summary judgment for failure to exhaust administrative remedies.

Under Rule 55(d) of the Federal Rules of Civil Procedure, "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Although Defendants' motion for summary judgment was filed past the deadline to answer Plaintiff's complaint, neither Plaintiff's complaint nor motion for default judgment presented evidence of Plaintiff's right to relief that satisfies the Court. Moreover, Defendants filed a substantive motion for summary judgment shortly after Plaintiff filed the motion for default judgment. Because Defendants have appeared to defend the action and because Plaintiff has not presented evidence that he is entitled to relief, default judgment is not proper. The remainder of this order considers Defendants' motion for summary judgment.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th

Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## DISCUSSION

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)(2013). A plaintiff has exhausted available administrative remedies when he has "completed the administrative review process in accordance with the applicable procedural rules." *Jones v. Block*, 549 U.S. 199, 218 (2007). The defendant has the burden of demonstrating that an administrative remedy was available to the plaintiff, and that the plaintiff did not exhaust that remedy. *Albino v. Baca*, 747, F.3d 1162, 1173 (9th Cir. 2014). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56" of the Federal Rule of Civil Procedure. *Id.* at 1170.

### A. Available Administrative Remedy

The BOP Administrative Remedy Program allows inmates to seek formal review of an issue relating to any aspect of his or her own conferment. 28 C.F.R. § 542.10(a). If an inmate cannot resolve his complaint informally, he must present an Administrative Remedy Request (BP-9) to the Warden. 28 C.F.R § 542.14(a). If the inmate is dissatisfied with the Warden's

PAGE 3 – OPINION AND ORDER

response to the BP-9, he may submit an Administrative Remedy Appeal (BP-10) to the Regional Director "within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may finally file an Administrative Remedy Appeal (BP-11) to the General Counsel in the Central Office of the BOP "within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a).

In his response, Plaintiff argues generally that the BOP "has deliberately interfered with [Plaintiff]'s request for an informal or formal resolution to his complaint." Plaintiff does not, however, make any specific allegation or present any evidence that the administrative remedies described above were "effectively unavailable to him." *Albino*, 747 F.3d at 1172. There is substantial evidence—much presented by Plaintiff himself—that Plaintiff was familiar with the administrative remedy process and capable of making use of it in other contexts. Defendant has met its burden of demonstrating that an administrative remedy was available to the plaintiff.

**B. Failure to Exhaust**

    **1. Removal from RDAP, Discriminatory Search, Adequate Medical Care**

Plaintiff has submitted no administrative remedy requests relating to his removal from RDAP, the January 29, 2017 search, or Defendants' failure to provide adequate medical care. Plaintiff has also not presented evidence that administrative remedies were effectively unavailable to him. Thus, Plaintiff has failed to exhaust available administrative remedies for his claims arising from Defendants' alleged denial of access to RDAP, discriminatory search, and failure to provide adequate medical care.

    **2. 2016 Interference with Access to Courts**

Plaintiff submitted three BOP administrative remedy requests appealing disciplinary sanctions applied against him in 2016. ECF 35-2 (Plaintiff's Administrative Remedy Record)

PAGE 4 – OPINION AND ORDER

at 3-7. Each of those requests predates September 27, 2016, however, which is the date on which Plaintiff alleges he was sent to the solitary housing unit in order to prevent his access to courts. Thus, none of those administrative remedy requests appears related to the subject matter of this lawsuit. Moreover, the Administrative Remedy Coordinator denied all three requests made in 2016 as untimely, but noted that Plaintiff would be permitted to re-submit his appeal with a notice that the late filing was not his fault. ECF 37 at 26. Plaintiff did not provide the required verification that he was not responsible for the late filing or otherwise attempt to refile his appeal. Thus, Plaintiff has failed to exhaust available administrative remedies for any claim arising from 2016 disciplinary sanctions.

### 3. 2017 Interference with Access to Courts

Plaintiff alleges that Defendants interfered with his access to the courts in 2017 by confiscating his legal materials on March 2, 2017. Plaintiff filed three administrative remedy requests appealing a March 14, 2017 hearing before a Discipline Hearing Officer (DHO hearing). ECF 35 at 4. One was rejected for not submitting the request or appeal on the proper form. Two others, however—Remedy IDs 895315-R2 and 895315-A1—were denied on the merits on April 5, 2017 by the Western Regional Director, and on July 6, 2017 by the BOP General Counsel. An administrative remedy is exhausted once it has been considered by the BOP General Counsel. 28 C.F.R. § 542.15(a) ("Appeal to the General counsel is the final administrative appeal.") The March 14 DHO hearing, however, appears to be related to the confiscation of pornographic material and not to the confiscation of Plaintiff's legal materials. ECF 37 at 36 (denying Plaintiff's appeal in 895315-R2 and discussing Plaintiff's admission of possession of pornographic images). There is no evidence that Plaintiff filed other administrative remedy requests that pertained to the confiscation of his legal materials. Thus, Plaintiff has not exhausted administrative remedies for the disputes that form the basis of this action.

PAGE 5 – OPINION AND ORDER

## CONCLUSION

Plaintiff's Motion for Default Judgment (ECF 33) is DENIED. Defendants' Motion for Summary Judgment (ECF 34) is GRANTED. Plaintiff's first amended complaint is dismissed.

**IT IS SO ORDERED**.

DATED this 27th day of March, 2018.

<u>/s/ Michael H. Simon</u>
Michael H. Simon
United States District Judge